Ready to proceed with the day calendar. The first case is Brenda Estrella-Jones v. USA. Good morning, your honors. My name is Scott Singer and I represent Ms. Estrella-Jones. There was no dispute in this case that in the area where the plaintiff fell, the pavement had worn away. There was no dispute that there was, at least in part of the area, a layer of the asphalt was missing. The main issue at trial and also on appeal is whether or not this defect, defective condition is considered to be trivial or actionable. And I would just like to focus in particular on one piece of testimony that the district court completely passed over in her opinion, but I think is quite significant. The government's expert witness, engineer Carl Abraham, was being questioned by the United States attorney. And he was being questioned in particular about a photograph that he had taken that was marked as Plaintiff's Exhibit 12 and it's reproduced at page 580 of the appendix. Questioned about this, and he was testimony, and he's looking, observing the photograph, and he says, the issue is the size and defect and the depression here that required a complete cutout and repair of the area. That it did indicate that this was a hazard in the asphalt parking lot. Now later when the judge was obviously surprised and asked him about it, and then he said, backtracked, he said, well, I was talking about a completely different photograph. I actually don't think it was because after all, the photograph was on the monitor, he was looking at it, and this questioning had gone on for some time. I believe that it was error for the court to ignore this testimony, and I believe that the government's... But when he looked at the photograph, it was the photograph of the parking lot at issue, right? That's correct. And he says that there's a clear defect, and the judge intervenes, and then he corrects, he says, no, I was thinking about another photograph, and he goes on with his testimony. So is your argument that the district court committed clear error and not essentially at that point throwing out everything he said and saying that this is a defect? I mean, usually the district court is sitting here as a fact finder, and so what are you asking us to do because of this testimony? I think it was error in light of this because I think this was a momentary candor on the part of the witness, but also I'm puzzled that the district court didn't even mention it in her opinion, and I think it was important, and from the attorneys that tried it, I think it was important. So for that reason, I think it was error. The only other issue I'd like to touch on is the question of constructive notice, whether or not the VA should have been aware of the condition at this particular locus where the accident took place. And in this context, I would just like to, you know, point out that the entire parking lot was reviewed, and it was determined at one point to apply new asphalt back in 2009 to the entire parking lot because of its condition, and the plans that are reproduced in the records indicate that the entire parking lot, which is parking lot two, was supposed to be patched and sealed. The holes were supposed to be covered, and new asphalt applied throughout. And meanwhile, fast forward a couple of years later, it had never been done. There was some resealing, which is essentially you're applying a black sealant, which our expert, Nicholas Belizzi, explained was a waterproofing. It was not anything to correct the problem with the asphalt itself. And Mr. Belizzi also pointed out that when you're looking at this from an angle, it really pops out at you. So we think this is something that should have been seen by the VA, particularly since the VA's police officer parked his car right in that very location. So we think that the evidence warranted a finding in favor of plaintiff. Now, Mr. Singer, all that you say is well stated and arguably persuasive. But it strikes me that it's the kind of argument that you have already made to the district court, and with some force, no doubt. But we're dealing here, as Judge Livingston suggested earlier, with a bench trial. This is a very tough judgment to try to overcome. I mean, this is the district judge sitting as a trier of fact. And so you'd have to persuade us that these various facts were clearly erroneous. The findings of fact were clearly erroneous. That's pretty tough. I realize that, and I'm doing my best to show that. No, it's all right. You're trying to make a living. And I'm trying to make a living, yeah. Well, I'm also trying to be fair. And I guess I'm puzzled, first of all, that what I consider and the trial lawyers consider to be a pretty astounding admission was passed over entirely. And secondly, that when- But to go on the passed over, the fact that the judge didn't refer to every particular that you consider it. I mean, a district judge making findings of fact in a case like this, like it or not, is basing the decision, making findings of fact on the basis of the full record before her. So she's not required to refer to every single item of your case and discredit it. Is she? No, but I think that this is one that she should have. And that's why I'm bringing it to the fact that when she characterized Mr. Belisi's testimony, she left out, really, what was a pretty important part of his testimony, which he said, if you look at it from an angle, and in clear daylight, remember, this was a dusk accident, and even though there was artificial lighting there, I know, you know, as I've gotten older, it's not so easy to see these things when, you know, at dusk, omitted the fact that he said, if you're looking at it from an angle, it's clearly visible. No further questions. Thank you very much. Thank you, Mr. Siegel. You've reserved two minutes. Good morning, Your Honor. My name is James Cho. I'm an assistant United States attorney with the Eastern District of New York, here on behalf of the United States of America. This is a slip and fall case where the plaintiff appealed from a district court's judgment, granting judgment in favor of the United States after, as Your Honors rightly pointed out, after a two-day bench trial. On appeal, plaintiffs failed to meet their heavy burden, as Your Honors have pointed out, of demonstrating clear error in the district court's factual findings. There are two points we'd like to address this morning. First of all, as plaintiff's counsel noted, they rely almost exclusively in their reply on Dr. Abraham's confused testimony. During that testimony, Dr. Abraham was clearly confused, and he thought the picture he was referring to was a picture he used in a seminar that he teaches to his students. The district court rightly pointed out the confusion and immediately questioned Dr. Abraham about his confusion. And Dr. Abraham rightly noted that he was confused and mistaken, and withdrew that testimony. And if the court looks at the totality of Dr. Abraham's testimony, it is clear that there was no dangerous condition in the parking lot at the VA hospital. Any defect was trivial and didn't warrant any actionable claim on behalf of the plaintiff. Now, with respect to Judge Cabranes' point that the district court rightly doesn't have to address every single point that is raised at trial. The district court prepared a all the relevant points at trial. And with respect to Dr. Abraham's testimony, the judge immediately discounted his testimony at trial and addressed it on the record. Now, finally, with respect to their expert's testimony that you could observe this defect from the far left or from the far right at an angle, with respect to notice, that doesn't create constructive notice on behalf of the VA hospital. For the VA hospital to go to such extremes to observe this minor defect in the roadway doesn't create constructive notice. If there had been a tow-trap situation, even though it had not been a very deep depression, isn't that something that could have created an obligation to notice or created constructive notice on the part of the VA? I mean, you do have the testimony that it was quite discernible from a distance. This was an area where people walked regularly, where the engineer walked, and so on. Isn't that a plausible argument? Well, at the same time, their expert also testified that the depression in the roadway was hard to see as you're walking toward it, as any other pedestrian would have done, or if you're looking straight down at it, that it was hard to observe. And this testimony about a tow-trap, there was no tow-trap at the VA hospital parking lot. As the district court rightly noted, it was a gradual incline over a two-and-a-half-inch area of a depth of, at most, seven-eighths of an inch, which is, at best, a trivial defect. So there was no abrupt change in tow and trip as a result of that depression in the roadway. Does the record reveal any other incidents of tripping or near tripping over this spot? There was plenty of testimony by Officer Rodriguez, who had worked at the hospital for at least 13 years at that point in time, where he walked that area on an almost daily basis, and there were no complaints, no prior incidents or tripping and falling in that area. He walked in that area himself and never observed anything either. Sam Fares, the chief engineer of the VA hospital, also inspected the area and reviewed the record and did not notice any prior incidents either. Your adversaries pointed out that the VA had planned to resurface the whole area. In fact, it's kind of difficult to tell from the record what condition it was in at the time that the accident occurred, but what should we take from the fact that there were plans to resurface it and that the expert testified there needed to be a cutout and a complete replacement of this area where Ms. Estrella Jones fell? The document that Plaintiff's counsel referenced was merely a proposal. It was not the final directive by which the VA was going to repair that parking lot. And again, the most important fact is when it comes to constructive notice, a general awareness of poor conditions of parking is not enough. They need to establish, which they failed to do, that the VA had notice of a particular condition in the area where Ms. Estrella Jones fell. And so there was no such notice of that type of defect in that area. And there was testimony that there were repairs that were done in the parking lot the year before the accident. Sam Fares, the chief engineer, testified that the area was resealed. However, this was a general resealing of the parking lot. There was no notice of that type of defect in the area where Ms. Estrella Jones fell. And the district court credited the testimony of Officer Rodriguez and the engineer Fares about no prior complaints and about the fact that they themselves had not observed any defect? Right. That is correct, Your Honor. Now, for these reasons, the court should affirm the district court's judgment in this case. Thank you. You reserve two minutes. Thank you, Your Honor. If there are no questions from the court, I'll rely on my brief for the remainder. Thanks very much, Mr. Zinke. Thank you very much. You reserve decision.